UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACTIAN CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>AB SCIEX LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-05113-BLF<br><br>**ORDER RE: SEALING MOTION**<br><br>[Re: ECF No. 9] |

        Defendants AB Sciex LLC, AB Sciex LP, and AB Sciex PTE Ltd. (collectively "Sciex") filed an Administrative Motion to File Under Seal portions of their Answer, Motion for a Temporary Restraining Order, and a supporting declaration. ECF No. 9. The Court has considered the motion, and its ruling is laid out below.

## I. LEGAL STANDARD

        "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

        In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that

1  warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
2  alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5
3  requires the moving party to provide "evidentiary support from declarations where necessary."
4  Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable
5  material." Civ. L.R. 79-5(c)(3).

## II. DISCUSSION

As a threshold matter, the Court finds that the "compelling reasons" standard applies because Sciex seeks to seal portions of its motion for a temporary restraining order and its answer. *See Ctr. for Auto Safety*, 809 F.3d at 1095 n.2 ("Many courts have applied the compelling reasons standard to motions for preliminary injunctions or temporary restraining orders."); *Mickelson v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2022 WL 4004772, at *2 (N.D. Cal. Sept. 1, 2022) (applying the "compelling reasons" standard to a motion to seal in connection with a motion for a temporary restraining order); *Delfino Green & Green v. Workers Compansation Sols., LLC*, No. 15-CV-02302-HSG, 2015 WL 4235356, at *2 (N.D. Cal. July 13, 2015) (applying the "compelling reasons" standard to a motion to seal in connection with an answer and counterclaim).

Sciex argues that compelling reasons exist to seal the highlighted portions of its answer, motion for a temporary restraining order, and its supporting declaration because the highlighted portions contain confidential business information about Sciex's business strategy and outlook. ECF No. 9 at 4–5. Sciex notes that this information includes the extent to which Sciex's mass spectrometers run on Analyst, the number of new Sciex mass spectrometers that run on Analyst, the anticipated effect of the termination on Sciex's customers, and the time and investment it would require for Sciex to run a different software. *Id.* at 5. Sciex argues that the disclosure of information would put it at a disadvantage in any future licensing negotiations and with its competitors in the mass spectrometry business. *Id.* Plaintiff Actian Corporation did not file an opposition to the motion.

Compelling reasons exist to seal confidential business information, the disclosure of which would cause a party competitive harm. *See Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (granting a motion to seal

"confidential proprietary business, sales, or licensing information, including . . . financial performance and company strategy"); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might harm a litigant's competitive standing").

The Court further finds that Sciex's redactions are "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 9-3 | Defendants' Answer | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 9-4 | Defendants' Motion for Temporary Restraining Order | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |
| 9-5 | Declaration of Mark Cafazzo | Highlighted Portions | GRANTED as containing confidential business information, the release of which would cause a party competitive harm. |

//

//

//

//

//

//

3

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants AB Sciex LLC, AB Sciex LP, and AB Sciex PTE Ltd.'s Administrative Motion to File Under Seal related to their Answer and Motion for a Temporary Restraining Order (ECF No. 9) is GRANTED.

Dated:  October 30, 2023

_____
BETH LABSON FREEMAN
United States District Judge